# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

NAZIH LAZELLE NORED                                                      PLAINTIFF

v.                                       CIVIL ACTION NO. 4:17-CV-33-JHM

SGT. CHRIS HEMPFLING                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by a former inmate pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Nazih Lazelle Nored leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

## I. SUMMARY OF COMPLAINT

Plaintiff sues Daviess County Detention Center (DCDC) Sergeant Chris Hempfling in both his official and individual capacities. In his complaint, Plaintiff states as follows:

> On 2-25-17 an altercation took place in cell B133 between plaintiff (Nored) and [another inmate]. As the fight escalated, inmate Nored was struck on the left side of the face by [the other inmate]. Plaintiff was knocked unconscious by [the other inmate] and was going down. At that time, Sgt. Hempfling intiated the tazer application, striking Plaintiff (Nored) on the right side of his head with 50,000 volt tazer.
>
> This act is deemed as a malicious/and use of excessive force by trained official; as Plaintiff was already knocked unconscious and in a defenseless position.
>
> As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, but is no longer incarcerated, the Court must review this action under 28 U.S.C. § 1915(e). This statute requires a district court to dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers*, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co*., 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an

advocate seeking out the strongest arguments and most successful strategies for a party."
*Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett,* 932 F.2d 502, 504 (6th Cir. 1991)

#### A. Official-Capacity Claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v.Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, the claim brought against Defendant Hempfling in his official capacity is deemed a claim against Daviess County. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The municipality is only liable when an official policy or

3

custom of the corporation causes the alleged deprivation of federal rights. The Sixth Circuit has identified four ways a plaintiff may prove the existence of a municipality's illegal policy or custom. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). "The plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Id.*

Here, Plaintiff does not assert that any alleged constitutional injury was the result of an official custom or policy of Daviess County. As such, the Court will dismiss Plaintiff's official-capacity claim against Defendant Hempfling for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claim

A convicted prisoner's right to be free from the use of excessive force by prison officials is governed by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 327 (1986). An Eighth Amendment claim has both an objective and subjective component. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (citing *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013)). The subjective component focuses on "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). In making this inquiry, the Court should consider the need for the use of force, the relationship between that need and the type and amount of the force used, the threat reasonably perceived by the official, the extent of the injury inflicted, and any efforts made to temper the severity of a forceful response. *See Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 319-21. The inmate is not required to suffer a serious injury, but the extent of his injuries may be considered in determining whether the force

4

used was wanton and unnecessary. *Hudson*, 503 U.S. at 7.

The objective component requires the "pain inflicted to be 'sufficiently serious' to offend 'contemporary standards of decency.'" *Cordell*, 759 F.3d at 580 (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Hudson*, 503 U.S. at 8). "While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." *Id.* at 580-81 (citing *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.* at 581 (quoting *Hudson*, 503 U.S. at 9).

In light of this standard and the allegations set forth in the complaint, the Court will allow Plaintiff's individual-capacity excessive force claim against Defendant Hempfling to proceed at this time.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claim against Defendant Hempfling is **DISMISSED** pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's individual-capacity excessive force claim against Defendant Hempfling shall proceed. In permitting this claim to proceed, the Court passes no judgment on the merits and ultimate outcome of the action. A separate Order will be entered directing service on Defendant.

Date: June 8, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Defendant
Daviess County Attorney
4414.011